

JOHN M. BAILEY
CHIEF JUSTICE

MIKE WILLSON
JUSTICE

KEITH STRETCHER
JUSTICE

# Court of Appeals
## Eleventh District of Texas

100 WEST MAIN STREET, SUITE 300
P. O. BOX 271
EASTLAND, TEXAS 76448

SHERRY WILLIAMSON
CLERK

TELE: 254/629-2638
FAX: 254/629-2191
sherry.williamson@txcourts.gov
www.txcourts.gov/11theoa

November 2, 2020

District Clerk - Midland County
Alex Archuleta
500 North Loraine Street, Suite 300
Midland, TX 79701
* DELIVERED VIA E-MAIL *

Sherriff - Midland County
David Criner
400 S. Main St
Midland, TX 79701
* DELIVERED VIA E-MAIL *

RE:    Appellate Case Number:  11-18-00198-CR
        Trial Court Case Number:    CR50921
Style:  Fernando Garcia Alvarado v. The State of Texas

       Please be advised that we have this day issued the attached MANDATE in the above cause. This Mandate directs the trial court to take action regarding this case consistent with this Court's opinion.

       Pursuant to TEX. R. APP. P. 51.2(a), the trial court clerk must acknowledge receipt of the mandate. Also, pursuant to TEX. R. APP. P. 51.2(b), the trial court must promptly issue a capias if necessary. The sheriff must notify the trial court clerk and the appellate clerk when the mandate has been carried out and executed.

       In addition, as required by Texas Government Code, § 51.204(d), we are notifying the trial court clerk that we will destroy all records filed in respect to this case with the exception of indexes, original opinions, minutes and general court dockets no earlier than twenty-five (25) years from the date final mandate is issued.

Respectfully yours,

*Sherry Williamson*

Sherry Williamson, Clerk

By: Cheryl Busk, Deputy

cc:   David G. Rogers (DELIVERED VIA E-MAIL)
      Laura Nodolf, District Attorney (DELIVERED VIA E-MAIL)
      Eric Kalenak, Assistant (DELIVERED VIA E-MAIL)

## *Eleventh Court of Appeals Mandate*

**THE STATE OF TEXAS**

**TO THE 238TH DISTRICT COURT OF MIDLAND COUNTY, GREETINGS:**

BEFORE our Court of Appeals for the Eleventh District of Texas, on June 25, 2020, the cause upon appeal to revise or reverse your judgment between

Fernando Garcia Alvarado

11th Court of Appeals No. 11-18-00198-CR and
238th District Court Case No. CR50921

The State of Texas

was determined; and therein our said Court made its order in these words:

*"This court has inspected the record in this cause and concludes that there is error in the judgment below. Therefore, in accordance with this court's opinion, we modify the judgment of the trial court to delete the following language:*
> *and that the State of Texas Do have and recover of and from the said defendant all costs in this proceeding incurred for which let execution issue.*

*The deleted language is replaced with the following:*
> *and that the State of Texas Do have and recover of and from the said defendant all costs, except court-appointed attorney's fees, in this proceeding incurred for which let execution issue.*

*As modified, we affirm the judgment of the trial court."*

**WHEREFORE WE COMMAND YOU** To observe the order of our said Court of

Appeals for the Eleventh District of Texas, in this behalf, and in all things to have it duly

recognized, obeyed and executed.



WITNESS, the HON. JOHN M. BAILEY, Chief Justice of this said Court, with the seal thereof annexed at the City of Eastland, on November 2, 2020.

*Sherry Williamson*

**SHERRY WILLIAMSON, CLERK**

By: Cheryl Busk, Deputy



SHARON KELLER
PRESIDING JUDGE

MIKE KEASLER
BARBARA P. HERVEY
BERT RICHARDSON
KEVIN P. YEARY
DAVID NEWELL
MARY LOU KEEL
SCOTT WALKER
MICHELLE M. SLAUGHTER
JUDGES

DEANA WILLIAMSON
CLERK
(512) 463-1551

SIAN SCHILHAB
GENERAL COUNSEL
(512) 463-1597

# COURT OF CRIMINAL APPEALS
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

November 16, 2020

FERNANDO GARCIA ALVARADO #280108
MIDLAND COUNTY DETENTION CENTER
P.O. BOX 11387
MIDLAND, TX 79702

**Re:** Alvarado, Fernando Garcia
**CCA No.** PD-0668-20                    **COA No.** 11-18-00198-CR
**Trial Court Case No.** CR50921

Dear Mr. Fernando Garcia Alvarado:

Your letter has been received. Please be advised:

**IMPORTANT: PLEASE INFORM THIS COURT OF ALL ADDRESS CHANGES IN WRITING.**

☒ Your Petition for Discretionary Review was filed in this Court on 8/26/2020 and was refused on 9/30/2020. The motion for rehearing is due 15 days from the date of refusal. If no motion for rehearing is filed, the record will be returned to the court of appeals.

☐ This Court does not furnish forms of any kind for the filing of documents.

☐ Your Notice of Appeal should be filed in the Trial Court which rendered the decision in your case. See Rule 25.2(c)(1) T.R.A.P.

☐ Your change of address has been received and updated in our system.

Sincerely,

*Deana Williamson*

Deana Williamson, Clerk

Raymond K. Fivecoat
ray@fivecoatlaw.com
Licensed in TX & OK

David G. Rogers
david@fivecoatlaw.com
Board Certified Criminal Law
Texas Board of Legal Specialization



**FIVECOAT & ROGERS, PLLC**

ATTORNEYS AT LAW

214 West Texas Avenue, Suite 811
Midland, TX 79701
(Reply to Midland Office)

432.620.8774 (Metro)
432.620.9945 (Fax)

835 Tower Drive, Suite 3
Odessa, TX 79762
(By Appointment)

September 22, 2020

**Via CMRRR:7013 0600 0001 8427 8728**

Fernando Garcia Alvarado
Midland County Jail
400 S. Main Street
Midland, Texas 79701

> RE: **Cause No. 11-18-00198-CR; *Fernando Garcia Alvarado v. The State of Texas;* In the Court of Appeals 11ᵗʰ District of Texas at Eastland, Texas**
>
> ***and***
>
> **Cause No. PD-0668-20; *Fernando Garcia Alvarado v. The State of Texas;* In the Court of Criminal Appeals of Texas at Austin, Texas**

Dear Mr. Alvarado:

I am sending this letter to update you on the status of your appeal. The Eleventh Court of Appeals denied your appeal and affirmed the conviction. When the appeal started you were in prison and I assume you were granted parole as the documents were returned to this office as undeliverable. I did not have a new address from you after your release. I did go ahead and file Petition for Discretionary Review with the Texas Court of Appeals on your behalf. I will let you know when the court rules on the petition. For your records, I am enclosing the following:

1. Letter with a copy of the Court's opinion dated June 26, 2020;
2. Letter from the Court of Appeals notifying you of the Modified Judgment and Affirmation of the Court's Ruling in your criminal cases dated June 25, 2020;
3. Judgment from the Court of Appeals dated June 25, 2020;
4. Memorandum Opinion from the Court of Appeals dated June 25, 2020;
5. Petition for Discretionary Review that was filed on your behalf on August 26, 2020; and
6. Proof of filing of the Appellant's Petition for Discretionary Review.



Raymond K. Fivecoat
ray@fivecoatlaw.com
Licensed in TX & OK

David G. Rogers
david@fivecoatlaw.com
Board Certified Criminal Law
Texas Board of Legal Specialization

**FIVECOAT & ROGERS, PLLC**

ATTORNEYS AT LAW

211 West Texas Avenue, Suite 811
Midland, TX 79701
(Reply to Midland Office)

432.620.8774 (Metro)
432.620.9948 (Fax)

835 Tower Drive, Suite 3
Odessa, TX 79762
(By Appointment)

June 26, 2020

**Via CMRRR:7013 0600 0001 8427 8667**
Fernando Garcia Alvarado
8501 W. Dunn Street, #60
Odessa, Tx 79763

>    RE:    **Cause No. 11-18-00198-CR;** *The State of Texas v. Fernando Garcia Alvarado;*
>    **In the Court of Appeals 11th District of Texas at Eastland, Texas**

Dear Mr. Alvarado:

Enclosed is a copy of the opinion and judgment of the Court of Appeals in your case, in which the court affirmed your conviction. The date of its opinion was June 25, 2020. **The Petition for Discretionary Review is due on July 25, 2020.** Please be advised that my representation ends at this time.

Please understand that I will not be filing any more pleadings on your case. You have the right to hire an attorney, if you cannot afford to hire an attorney to assist you with further filings, you have the right to proceed ProSe, in the filing of the Petition for Discretionary Review.

You have a right to file a "pro se" petition for discretionary review with the Texas Court of Criminal Appeals under Rule 68 of the Texas Rules of Appellate Procedure. This means that you may represent yourself in filing a petition for discretionary review with the Court of Criminal Appeals. A copy of Rule 68.2, 68.3, and 68.4, are attached to this letter.

If you choose to file a pro se petition for discretionary review with the Court of Criminal Appeals, you must file the petition within 30 days after either the day the court of appeals' judgment was rendered or on the day the last timely motion for rehearing is overruled by the court of appeals. The Court of Criminal Appeals may extend the time to file a petition for discretionary review if you, as the party, file a motion for extension of time within 15 days after the last day for filing the petition. To file the petition, you must send the original to the clerk of the Court of Criminal Appeals at the following address:

Deana Williamson
Court of Criminal Appeals
PO Box 12308
Austin, Texas 78711



# Court of Appeals
## Eleventh District of Texas
100 WEST MAIN STREET, SUITE 300
P. O. BOX 271
EASTLAND, TEXAS 76448

JOHN M. BAILEY
CHIEF JUSTICE

MIKE WILLSON
JUSTICE

KEITH STRETCHER
JUSTICE

SHERRY WILLIAMSON
CLERK

TELE: 254/629-2638
FAX: 254/629-2191
sherry.williamson@txcourts.gov
www.txcourts.gov/11theoa

June 25, 2020

David G. Rogers
Fivecoat & Rogers, P.L.L.C.
214 West Texas Ave., Suite 811
Midland, TX 79701
* DELIVERED VIA E-MAIL *

Laura Nodolf, District Attorney
Eric Kalenak, Assistant
500 North Loraine Street, Suite 200
Midland, TX 79701
* DELIVERED VIA E-MAIL *

**RE:** Appellate Case Number: 11-18-00198-CR
      Trial Court Case Number: CR50921
**Style:** Fernando Garcia Alvarado v. The State of Texas

The Court has this day **MODIFIED** the judgment of the trial court and, as modified, **AFFIRMED** the judgment of the trial court, in accordance with this Court's opinion.

Copies of the Court's opinion and judgment are attached.

Appellant is advised that a Petition for Discretionary Review may be filed with the <u>Clerk, Court of Criminal Appeals, Austin, Texas.</u> No copy is required for the Eleventh Court of Appeals.

Pursuant to TEX. R. APP. P. 48.4, the attorney representing the defendant on appeal shall, <u>**within five days**</u> after the opinion is handed down, send by certified mail, return receipt requested, a copy of the opinion and judgment, along with notification of the defendant's right to file a pro se petition for discretionary review in the Court of Criminal Appeals. A letter certifying compliance with this rule and a copy of the return receipt is due in this Court on or before **July 10, 2020.**

Respectfully yours,

*Sherry Williamson*

Sherry Williamson, Clerk

cc:   District Clerk - Midland County (DELIVERED VIA E-MAIL)
      Dean Rucker, Administrative Judge (DELIVERED VIA E-MAIL)
      Elizabeth Leonard, Judge (DELIVERED VIA E-MAIL)

Raymond K. Fivecoat
ray@fivecoatlaw.com
Licensed in TX & OK

David G. Rogers
david@fivecoatlaw.com
Board Certified Criminal Law
Texas Board of Legal Specialization



**F&R**

# FIVECOAT & ROGERS, PLLC

## ATTORNEYS AT LAW

214 West Texas Avenue, Suite 811
Midland, TX 79701
(Reply to Midland Office)

432.620.8774 (Metro)
432.620.9945 (Fax)

835 Tower Drive, Suite 3
Odessa, TX 79762
(By Appointment)

October 1, 2020

**Via CMRRR: 7013 0600 0001 8427 8742**
Fernando Garcia Alvarado
Midland County Jail
400 S. Main Street
Midland, Texas 79701

      **RE  Cause No. PD-0668-20; *Fernando Garcia Alvarado v. The State of Texas*; In the Court of Criminal Appeals of Texas**

Dear Mr. Alvarado:

      Enclosed is a copy of the Criminal Court's Decision on the Petition for Discretionary Review in your case. Please be advised that the Criminal Court DENIED the Petition for Discretionary Review on **September 30, 2020**.

      If you with to continue your appeal, the next step is to file a Writ of Certiorari with the United States Supreme Court. **The Writ of Certiorari is due on December 29, 2020.** You are not entitled to a court appointed attorney on the Writ. You will be proceeding In Forma Pauperis. I would strongly urge you to go to the law library and review the Supreme Court rules for filing the Writ. Also do not confuse the Writ of Certiorari with a post conviction writ of habeas corpus. They are very different writs.

      Please be advised that my representation ends at this time. Please understand that I will not be filling any more pleadings on your case.

      I am also enclosing copies of the complete Court's file and the Reporter's Record in your case for your files and review.

      Sincerely,

David G. Rogers

DGR/es
Enclosures0



Raymond K. Fivecoat
ray@fivecoatlaw.com
Licensed in TX & OK

David G. Rogers
david@fivecoatlaw.com
Board Certified Criminal Law
Texas Board of Legal Specialization

214 West Texas Avenue, Suite 811
Midland, TX 79701
(Reply to Midland Office)

432.620.8774 (Metro)
432.620.9945 (Fax)

835 Tower Drive, Suite 3
Odessa, TX 79762
(By Appointment)

# FIVECOAT & ROGERS, PLLC

### ATTORNEYS AT LAW

October 26, 2020

**Via Regular Mail**
Fernando Jasso Garcia Alvarado
Inmate #280108
Midland County Jail
PO BOX 11387
Midland TX 79702-8387

      **RE:**    **Cause No. 11-18-00198-CR;** *Fernando Garcia Alvarado v. The State of Texas;*
              **In the Court of Appeals 11th District of Texas at Eastland, Texas**

              *and*

              **Cause No. PD-0668-20;** *Fernando Garcia Alvarado v. The State of Texas;*
              **In the Court of Criminal Appeals of Texas at Austin, Texas**

Dear Mr. Alvarado:

      Pursuant to your request, I am enclosing the form and instructions for an indigent filing a **Writ of Certiorari** with the United States Supreme Court. I obtained these documents off of the United States Supreme Court's website.

      I do not represent you in this matter and I am providing these documents to you as a courtesy. You should continue to research the requirements for Filing the Writ.

      **The Writ of Certiorari is due on December 29, 2020.**

      I am attaching a copy of the Eastland Court of Appeals Opinion and the Court of Criminal Appeals Denial in case you need additional copies.

                        Sincerely,

                        David G. Rogers

DGR/es
Enclosures

Raymond K. Fivecoat
ray@fivecoatlaw.com
Licensed in TX & OK

David G. Rogers
david@fivecoatlaw.com
Board Certified Criminal Law
Texas Board of Legal Specialization



# F&R

## FIVECOAT & ROGERS, PLLC

ATTORNEYS AT LAW

214 West Texas Avenue, Suite 811
Midland, TX 79701
(Reply to Midland Office)

432.620.8774 (Metro)
432.620.9945 (Fax)

835 Tower Drive, Suite 3
Odessa, TX 79762
(By Appointment)

November 6, 2020

**<u>Via Regular Mail</u>**
Fernando Jasso Garcia Alvarado
Inmate #280108
Midland County Jail
PO BOX 11387
Midland TX 79702-8387

   **RE:** **Cause No. 11-18-00198-CR;** *Fernando Garcia Alvarado v. The State of Texas;*
      **In the Court of Appeals 11th District of Texas at Eastland, Texas**

Dear Mr. Alvarado:

  Enclosed please find the Mandate issued by the Court of Appeals and a letter from the Court of Appeals that was sent to the Midland County District Clerk. Please review and retain these copies for your records.

  Thank you for your time and attention to this matter.

       Sincerely,

       David G. Rogers

DGR/es
Enclosures

# IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of all parties, as well as the names, addresses, and emails (if known), of all counsel.

| | |
|---|---|
| **Defendant/Petitioner/Petitioner:** | Fernando Garcia Alvarado |
| **Complainant/Appellee/Respondent:** | State of Texas |
| **Petitioner's Counsel at Trial:** | Alvaro Martinez, Jr.<br>1607 N. Big Spring<br>Midland, Texas 79701 |
| **Petitioner's Counsel on Appeal:** | David G. Rogers<br>Fivecoat & Rogers, PLLC<br>214 W. Texas Ave., Suite 811<br>Midland, Texas 79701<br>Telephone: (432) 620-8774<br>Telecopier: (432) 620-9945<br>david@fivecoatlaw.com |
| **Respondent's Counsel at Trial:** | Laura Nodolf/Eric Kalenak<br>District Attorney and Assistant District Attorneys<br>Midland County District Attorney's Office<br>Midland County Courthouse<br>500 N. Loraine, Suite 200<br>Midland, Texas 79701<br>Telephone: (432) 688-4411<br>Telecopier: (432) 688-4938<br>ekalenak@mcounty.com |
| **Respondent's Counsel on Appeal:** | Laura Nodolf/Eric Kalenak<br>District Attorney and Assistant District Attorneys<br>Midland County District Attorney's Office<br>Midland County Courthouse |

500 N. Loraine, Suite 200
Midland, Texas 79701
Telephone: (432) 688-4411
Telecopier: (432) 688-4938
ekalenak@mcounty.com

**Trial Court:**                    The Honorable Elizabeth Leonard
238th Judicial District Court
500 N. Loraine
Midland, Texas 79701


**Appellate Court:**                Chief Justice John M. Bailey, Senior
Chief Justice Jim R. Wright, (Retired)
and Justice Keith Stretcher, Court of
Appeals, Eleventh District of Texas.

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

David Rogers on behalf of David Rogers
Bar No. 788310
midland@fivecoatlaw.com
Envelope ID: 45704740
Status as of 8/26/2020 9:23 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Daniel Eric Kalenak | 11079985 | ekalenak@mcounty.com | 8/26/2020 9:15:08 AM | SENT |
| David G.Rogers | | midland@fivecoatlaw.com | 8/26/2020 9:15:08 AM | SENT |
| Dominica Scott | | clerk@fivecoatlaw.com | 8/26/2020 9:15:08 AM | SENT |

PD-0668-20
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 8/26/2020 9:15 AM
Accepted 8/26/2020 9:23 AM
DEANA WILLIAMSON
CLERK

No. PD-0668-20

IN THE COURT OF CRIMINAL APPEALS
OF TEXAS
AUSTIN, TEXAS

---

### FERNANDO GARCIA ALVARADO

*Petitioner,*

### V.

### STATE OF TEXAS

*Respondent.*

---

### PETITION FOR DISCRETIONARY REVIEW

---

No. 11-18-00198-CR
IN THE COURT OF APPEALS
FOR THE ELEVENTH DISTRICT OF TEXAS
AT EASTLAND, TEXAS

---

ON APPEAL FROM THE 238th DISTRICT COURT OF MIDLAND COUNTY,
TEXAS, CAUSE NO. CR-50921
HONORABLE ELIZABETH LEONARD, PRESIDING

---

**DAVID G. ROGERS**
State Bar No. 00788310
*Fivecoat & Rogers, PLLC*
214 W. Texas Ave., Suite 811
Midland, Texas 79701
Email: david@fivecoatlaw.com
Telephone: (432) 620-8774
Telecopier: (432) 620-9945
**Attorney on Appeal for Petitioner**

No. PD-0668-20

IN THE COURT OF CRIMINAL APPEALS
OF TEXAS
AUSTIN, TEXAS

---

**FERNANDO GARCIA ALVARADO**
*Petitioner,*

**V.**

**STATE OF TEXAS**
*Respondent.*

---

**PETITION FOR DISCRETIONARY REVIEW**

---

No. 11-18-00198-CR
IN THE COURT OF APPEALS
FOR THE ELEVENTH DISTRICT OF TEXAS
AT EASTLAND, TEXAS

---

ON APPEAL FROM THE 238th DISTRICT COURT OF MIDLAND COUNTY,
TEXAS, CAUSE NO. CR-50921
HONORABLE ELIZABETH LEONARD, PRESIDING

---

**TO THE HONORABLE JUSTICES OF THE COURT OF CRIMINAL APPEALS:**

NOW COMES, **FERNANDO GARCIA ALVARADO**, Petitioner in this cause, ("Petitioner"), by and through his appellate counsel, David G. Rogers, and, pursuant to the provisions of the **TEX. R. APP. P. 66** *et seq.*, moves this Court to grant this petition for discretionary review, and in support would show as follows:



## In The

# Eleventh Court of Appeals

No. 11-18-00198-CR

## FERNANDO GARCIA ALVARADO, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 238th District Court
Midland County, Texas
Trial Court Cause No. CR50921

## MEMORANDUM OPINION

The jury convicted Appellant, Fernando Garcia Alvarado, of tampering with physical evidence. *See* TEX. PENAL CODE ANN. § 37.09 (West 2016). The trial court then assessed Appellant's punishment at confinement for a term of four years and sentenced him accordingly. In three issues on appeal, Appellant argues (1) that there was insufficient evidence to support his conviction for tampering with physical evidence, (2) that it was error for the trial court to order reimbursement of his court-

appointed attorney's fees, and (3) that the trial court erred when it denied Appellant's request for a mistrial based on a potential juror's prejudicial comment. We modify and affirm.

## *Background Facts*

On January 16, 2018, Sergeant William Taylor Welch of the Midland Police Department was on patrol in an area in which a thief had been operating. While on patrol that evening, Sergeant Welch observed Appellant and another individual standing near a pickup in an alley; they were talking to the occupants of the pickup. As the driver of the pickup drove away, Appellant and the other individual started walking. Sergeant Welch drove his patrol vehicle toward the two men.

As Sergeant Welch got closer, he turned on his headlights and activated his spotlight; the individual with Appellant proceeded to take off running. Appellant continued walking, however, as Sergeant Welch pursued the fleeing suspect on foot. During the ensuing chase, the suspect dropped a red and black backpack in the middle of the street. Sergeant Welch ultimately apprehended the suspect, but when they returned to his patrol vehicle, the backpack was no longer where it had been dropped.

After a brief search, officers found Appellant at his girlfriend's house. When questioned, Appellant informed officers that the backpack was outside, in front of the neighbor's house. Officers found the backpack where Appellant said it was, and Appellant eventually confessed to moving the backpack. Accordingly, Appellant was arrested and charged with tampering with physical evidence.

During the voir dire stage of Appellant's trial, the prosecutor asked whether any of the veniremembers would give Appellant more or less credibility simply because he was the defendant. In response, one potential juror said, "I would do his credibility lower because I do know him." Defense counsel argued that the comment

<u>TABLE OF CONTENTS</u>

IDENTITY OF PARTIES ...................................................................3-4

TABLE OF CONTENTS...................................................................5

TABLE OF AUTHORITIES...................................................................6-7

STATEMENT REGARDING ORAL ARGUMENT...............................8

STATEMENT OF THE CASE...................................................................9

STATEMENT OF PROCEDURAL HISTORY.....................................9

GROUNDS PRESENTED FOR REVIEW:

        Ground No. 1:    The Eleventh Court of Appeals erred in finding sufficient evidence to convict the Petitioner as the state failed to prove beyond a reasonable doubt all of the statutory elements of tampering with or fabricating physical evidence.........11-16

        Ground No. 2:    The Eleventh Court of Appeals erred in finding the trial court committed no error in failing to grant Petitioner's request for a mistrial based on a potential juror's prejudicial comments.............................................................16-17

SUMMARY OF THE ARGUMENT.............................................11-17

CONCLUSION AND PRAYER...................................................18

CERTIFICATE OF SERVICE...................................................19

CERTIFICATE OF COMPLIANCE...........................................20

that Appellant could pay the fees." *Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013). Accordingly, we sustain Appellant's second issue and modify the judgment to delete the following language:

> and that the State of Texas Do have and recover of and from the said defendant all costs in this proceeding incurred for which let execution issue.

The deleted language is replaced with the following:

> and that the State of Texas Do have and recover of and from the said defendant all costs, except court-appointed attorney's fees, in this proceeding incurred for which let execution issue.

### Prejudicial Statement by Potential Juror

In Appellant's third issue, he argues that the trial court erred when it denied Appellant's request for a mistrial based on a potential juror's prejudicial comment. We review the denial of a motion for mistrial under an abuse of discretion standard. *See Simpson v. State*, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003).

> A mistrial is the trial court's remedy for improper conduct that is "so prejudicial that expenditure of further time and expense would be wasteful and futile." In effect, the trial court conducts an appellate function: determining whether improper conduct is so harmful that the case must be redone. Of course, the harm analysis is conducted in light of the trial court's curative instruction. Only in extreme circumstances, where the prejudice is incurable, will a mistrial be required.

*Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004) (footnote omitted).

To show harm based on the trial court's denial of a motion for mistrial, the defendant must show the following: (1) other veniremembers heard the remarks, (2) the veniremembers who heard the remarks were influenced by them to the prejudice of the defendant, and (3) the juror in question or another juror with a similar opinion was forced upon the defendant. *Callins v. State*, 780 S.W.2d 176, 188 (Tex. Crim. App. 1986) (citing *Johnson v. State*, 205 S.W.2d 773, 774–75 (Tex.

**TABLE OF AUTHORITIES**

**PAGES**

**Cases**

*Barrow v. State*, 241 S.W.3d 919, 923 (Tex. App.–Eastland 2007, pet. ref'd) — 14

*Brooks v. State*, 232 S.W.3d 893, 912 (Tex. Crim. App. 2010) — 11-12

*Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)* — 12

*Collins v. State*, 780 S.W. 2d 176, 188 (Tex. Crim. App. 1986)., cert. denied 497 U.S. 1011, 110 S.Ct. 3256, 111 L.Ed.2d 766 (1990) — 16-17

*Hooper v. State,* 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) — 12

*Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L. Ed. 2d 560 (1979) — 12

*Johnson v. State,* 151 Tex. Crim. 110, 205 S.W.2d 773, 774 (1947) — 17

*Knight v. State*, 406 S.W.3d 578, 582 (Tex. App.–Eastland 2013, pet. ref'd) — 12

*Lumpkin v. State,* 129 S.W.3d 659, 663 (Tex. App.–Houston [1st Dist.] 2004, pet. ref'd) — 14

*Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) — 16

*Simpson v. State*, 119 S.W. 3d 262, 272 (Tex. Crim. App. 2003) — 16

*Staham v. State,* 602 SW3d 573, 578 (Tex. Crim. App. 2020) — 14

*Stahmann v. State*, No. 13-16-00400-CR, 2018 TEX. APP. LEXIS 78, *18 (Tex. App.–Corpus Christi, Jan. 4, 2018, no pet.) — 14

*State v. Zuniga*, 512 S.W.3d 902, 907 (Tex. Crim. App. 2017) — 13

*Thornton v. State*, 425 S.W.3d 289, 300 n. 59 (Tex. Crim. App. 2014) — 13

*Williams v. State*, 270 S.W.3d 140, 142 (Tex. Crim. App. 2008) — 13

*Wise v. State,* 364 S.W.3d, 903 (Tex. Crim. App. 2012) — 12

Crim. App. 1947)). Absent these three elements, no error will be found. *Id.* Notably, in most cases, an instruction by the trial court to disregard the comment will cure the prejudicial effect. *Wesbrook v. State*, 29 S.W.3d 103, 115–16 (Tex. Crim. App. 2000).

During voir dire of this case, a potential juror stated in open court that he "would do [Appellant's] credibility lower" because he knew Appellant. The trial court denied Appellant's request for a mistrial and, instead, issued an instruction to the other potential jurors, ordering them to disregard the comment and not consider it for any purpose. The trial court subsequently granted Appellant's challenge for cause with respect to the potential juror that made the objectionable comment.

The comment made by the potential juror during voir dire appears to have been heard by the entire panel; the comment was made in open court, and nothing in the record indicates that the comment was not sufficiently loud for the entire panel to hear. *See McGee v. State*, 923 S.W.2d 605, 607–08 (Tex. App.—Houston [1st Dist.] 1995, no pet.) (inferring from the record that other members of the venire heard the remark). There is, however, also nothing in the record that indicates that any other members of the panel were influenced by the remark. *See Callins*, 780 S.W.2d at 188. Indeed, Appellant's entire argument on this point is a single sentence: "It can be inferred that the potential jurors were influenced as they convicted upon arguable weak evidence." We cannot agree with Appellant's proposed inference.

Similarly, there is nothing in the record that indicates the potential juror or another juror with a similar opinion was forced upon Appellant. *See Callins*, 780 S.W.2d at 188. Appellant's argument on this point is equally brief: "The remaining panel was forced upon the Appellant by the court's denial of the mistrial." Again, we cannot simply infer, based on the evidence before us, that other members of the

*Wood v. State*, 18 S.W.3d 642,648 (Tex. Crim. App 2000)    16

**Statutes**

Tex. Penal Code Ann. § 6.03(a) (Lexis 2018)    14

Tex. Penal Code Ann. § 6.03(b) (Lexis 2018)    14

Tex. Penal Code Ann. § 37.09(a)(1) (Lexis 2018)    13

panel were influenced by the remark. Even if we could, we could not then additionally infer that influenced members of the panel were selected to be on the jury. Appellant has failed to demonstrate that he was harmed by the statement. Accordingly, we overrule Appellant's third issue.

*This Court's Ruling*

As set forth above, we modify the judgment of the trial court with respect to the costs for Appellant's court-appointed attorney; as modified, we affirm.

KEITH STRETCHER
JUSTICE

June 25, 2020

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1] Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not requested and would not be beneficial to this Court.

## STATEMENT OF THE CASE

The Petitioner was indicted for the offense of Tampering with Physical Evidence. A jury convicted him and the Trial Court sentenced him to four years' incarceration in the Texas Department of Criminal Justice – Institutional Division. On June 25, 2020 The Eleventh Court of Appeals affirmed the conviction but modified the judgment by deleting the Petitioner's obligation to pay court appointed attorneys fees.

## STATEMENT OF PROCEDURAL HISTORY

On June 25, 2020, the Eleventh Court of Appeals affirmed the Petitioner's tampering conviction and four year prison sentence. *Alvarado v. State,* No. 11-18-00198-CR 2020 WL 3470464 (Tex. App. Eastland June 25, 2020)(not designated for publication) (Appendix A). The Honorable Chief Justice John M. Bailey, Senior Justice Jim R. Wright, and Justice Keith Stretcher participated in the decision with Justice Keith Stretcher authoring the opinion of the court.

Petitioner did not file a Motion for Rehearing with the Eleventh Court of Appeals. Petitioner requested and extension of time to file a Petition for Discretionary Review which this Court granted. This Petition for Discretionary Review is due to be filed on or before August 26, 2020; therefore; it is timely filed.

**GROUNDS PRESENTED FOR REVIEW:**

*12(a)*    **Ground No. 1:** **The Eleventh Court of Appeals erred in finding sufficient evidence to convict the Petitioner as the state failed to prove beyond a reasonable doubt all of the statutory elements of tampering with or fabricating physical evidence.**

*12(a)*    **Ground No. 2:** **The Eleventh Court of Appeals erred in finding the trial court committed no error in failing to grant Petitioner's request for a mistrial based on a potential juror's prejudicial comments.**

**FACTS:**

While on patrol, Sgt. Taylor Welch, noticed some suspicious activity (RR2-92). He noticed two people standing beside a pick up and speaking to the truck's occupants. (RR2-92). The Petitioner was one of the individuals. (RR2-92). The officer decided to investigate the individuals on foot. (RR2-92). He followed these individuals and when he activated his headlight and spotlight one of the individuals took off running. (RR2-92). The Petitioner kept walking. (RR2-92). The person who ran was carrying a black and red bag that he dropped in the street. (RR2-95). At the time the officer was focused on the running man and did not give any commands to the Petitioner. (RR2-96). Officer Welch subsequently arrested the running individual and then noticed the bag was gone. (RR2-98).

The police later located the Petitioner and he told them where the bag was located. (RR2 99). It was at the corner of a neighbor's house. (RR2 99). Officers located the bag. (RR2 105). The Petitioner was then arrested and given the

Miranda warnings. (RR2-109). He admitted that he heard Officer Welch yell "Stop Police" (State Exhibit 4). However, he thought the statement was directed at his friend who was running. (State Exhibit 4). He admitted that he picked up the bag. (State Exhibit 4). He denied knowledge. (State Exhibit 4). He stated that the bag came from the individuals in the truck. (State Exhibit 4).

## SUMMARY OF THE ARGUMENT

In Ground No. 1, the Petitioner argues the evidence was legally and factually insufficient for conviction. In Ground No. 2, the Petitioner argues that the Court erred in failing to declare a mistrial after a prospective juror tainted the panel.

### Argument and Authorities

**Ground No. 1:** **The Eleventh Court of Appeals erred in finding sufficient evidence to convict the Petitioner as the state failed to prove beyond a reasonable doubt all of the statutory elements of tampering with or fabricating physical evidence.**

#### *Standard of Review*

An appellate court reviews the sufficiency of the evidence under the currently applicable legal sufficiency standard of review. *See Brooks v. State*, 232 S.W.3d 893, 912 (Tex. Crim. App. 2010). Under this standard of review, an appellate court must determine whether any rational finder of fact could have found the existence of the elements of the offense beyond a reasonable doubt, after viewing all of the evidence–both direct and circumstantial–in a light most

favorable to the verdict. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L. Ed. 2d 560 (1979); *Brooks*, 323 S.W.3d at 899.

## *Argument*

"Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Evidence is sufficient if "the inferences necessary to establish guilt are reasonable based upon the cumulative force of all the evidence when considered in the light most favorable to the verdict." *Wise v. State*, 364 S.W.3d, 903 (Tex. Crim. App. 2012). When the record supports conflicting inferences, the court presumes the factfinder resolved the conflicts in favor of the verdict and defers to that determination. *Jackson v. Virginia*, 443 U.S. at 326 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

Evidence is insufficient under this standard in four circumstances:

1. the record contains no evidence probative of an element of the offense;
2. the record contains a mere "modicum" of evidence probative of an element of the offense;
3. the evidence conclusively establishes a reasonable doubt; or
4. the acts alleged do not constitute the criminal offense charged.

*Knight v. State*, 406 S.W.3d 578, 582 (Tex. App.–Eastland 2013, pet. ref'd). If an appellate court finds the evidence is insufficient under this standard, the court should reverse the judgment and enter an acquittal. *Id.*

<u>Statutory Elements: Tampering/Fabricating Physical Evidence.</u>

The following elements define the offense of tampering with physical evidence:

(1)     a person alters, destroys, or conceals;
(2)     any record, document, or thing;
(3)     with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding; and
(4)     knowing than an investigation or official proceeding is pending or in progress.

TEX. PENAL CODE ANN. § 37.09(a)(1) (LEXIS 2018); *State v. Zuniga*, 512 S.W.3d 902, 907 (Tex. Crim. App. 2017).

Accordingly, § 37.09(a)(1) contains two different culpable mental states--- knowledge and intent. *Id.* First, an actor must know of an investigation and that his action would impair the item as evidence. *Id.*; *Williams v. State*, 270 S.W.3d 140, 142 (Tex. Crim. App. 2008).

Second, the actor must act with the intent to impair its availability as evidence. *Zuniga*, 512 S.W.3d at 907; *Thornton v. State*, 425 S.W.3d 289, 300 n. 59 (Tex. Crim. App. 2014) (inclusion of adverbial phrase "with intent to impair its verity, legibility, or availability" has effect of requiring actor have concomitant intent to alter, destroy, or conceal evidence)

<u>Mens Rea Definitions</u>

As defined by the TEXAS PENAL CODE, "[a] person acts knowingly, or with knowledge, with respect . . . to circumstances surrounding his conduct when he is aware . . . that the circumstances exist." TEX. PENAL CODE ANN. § 6.03(b) (LEXIS 2018). A person acts intentionally, or with intent, with respect . . . to a result of his conduct when it is his conscious objective or desire to . . . cause the result." TEX. PENAL CODE ANN. § 6.03(a) (LEXIS 2018).

Alter

There is no evidence that the Petitioner altered the backpack. *Staham v. State,* 602 SW3d 573, 578 (Tex. Crim. App. 2020). The Petitioner did not change or modify the backpack. *Id.*

Knowledge of Investigation

As noted above "[k]nowledge 'that an investigation or official proceeding was pending or in progress' is an essential element" under § 37.09(a)(1). *Stahmann v. State*, No. 13-16-00400-CR, 2018 TEX. APP. LEXIS 78, *18 (Tex. App.–Corpus Christi, Jan. 4, 2018, no pet.). Pending means "impending or about to take place." *Lumpkin v. State*, 129 S.W.3d 659, 663 (Tex. App.–Houston [1st Dist.] 2004, pet. ref'd); *Barrow v. State*, 241 S.W.3d 919, 923 (Tex. App.–Eastland 2007, pet. ref'd).

## State's Burden of Proof

In the case at bar, the State had to prove beyond a reasonable doubt that Petitioner altered or concealed a red and black bag knowing an investigation or official proceeding was pending or in progress and with the intent to impair its verity, legibility, or availability as evidence. A careful review of the evidence introduced during the jury trial reveals the State failed in this task. As such, the evidence was legally insufficient to support Petitioner's conviction of tampering with physical evidence.

The State failed to prove that the Petitioner had any knowledge of any investigation or that he altered the backpack. He saw his friend run and the officer follow. Certainly, one cannot infer this action would lead to a full-blown investigation. There is no evidence he had any knowledge that the bag was part of any investigation. The officer did not give any commands to the Petitioner. There is no evidence that the Petitioner concealed the bag with the intent to impair its availability as evidence. He told the officers the location of the bag. He cooperated with the police. There is no evidence that the bag was altered or any of its contents destroyed. The Petitioner had ample opportunity to empty the bag. He did not, instead he cooperated and is being punished for his honesty and cooperation.

The Appellate Court's perpetuation of the trial court's error should be corrected by this Court. This Court should therefore grant this Petition for Review,

vacate Petitioner's conviction and sentence, reverse the appellate court and trial court's judgement, and dismiss the indicted charge against Petitioner.

**Ground No. 2:**      **The Eleventh Court of Appeals erred in finding the trial court committed no error in failing to grant Petitioner's request for a mistrial based on a potential juror's prejudicial comments.**

### *Standard of Review*

A denial of a motion for mistrial is reviewed under the standard of abuse of discretion. *Simpson v. State*, 119 S.W. 3d 262, 272 (Tex. Crim. App. 2003). A trial court does not abuse its discretion if its decision is within a zone of reasonable disagreement. *See Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991). Furthermore, mistrial is appropriate only for "highly prejudicial and incurable errors." *See Wood v. State*, 18 S.W.3d 642,648 (Tex. Crim. App 2000).

### *Argument*

When potentially prejudicial statements are made by a potential juror in front of the entire panel, the court of criminal appeals has held that the decision to grant a mistrial, or review that decision on appeal, turns on the question of harm to the Petitioner, which can be evaluated using the following factors: (1) whether the other members of the panel heard the remark, (2) whether the potential jurors who heard the remark were influenced to the prejudice of the Petitioner, and (3) whether the juror in question or some other juror who may have had a similar opinion was forced upon the Petitioner. *Collins v. State*, 780 S.W. 2d 176, 188

(Tex. Crim. App. 1986)., cert. denied 497 U.S. 1011, 110 S.Ct. 3256, 111 L.Ed.2d 766 (1990) (citing *Johnson v. State,* 151 Tex. Crim. 110, 205 S.W.2d 773, 774 (1947)).

During Voir Dire, the prosecutor asked if anyone knew the Petitioner. (RR2 20). On of the prospective jurors indicated that the Petitioner had worked for him and he could not be fair. (RR2 20). He later stated that he would give the Petitioner less credibility because he knew him (RR2 20). Defense counsel requested an instruction and mistrial. (RR2 34). The Court denied the mistrial and instructed the panel to disregard the statement (RR2 34). He later renewed the objection and requested a mistrial. (RR2 78). The request was denied. (RR2 79).

The prosecution basically had a free witness as to the Petitioner's credibility. It is clear that all of the panel heard the remark as it was made in response to an open question. It can be inferred that the potential jurors were influenced as they convicted upon arguable weak evidence. The remaining panel was forced upon the Petitioner by the court's denial of the mistrial.

The Appellate Court's perpetuation of the trial court's error should be corrected by this Court. This Court should therefore grant this Petition for Review, vacate Petitioner's conviction and sentence, reverse the appellate court and trial court's judgement, and Order a new trial.

# CONCLUSION AND PRAYER

*WHEREFORE PREMISES CONSIDERED*, Petitioner respectfully prays that this Court (1) grant discretionary review, (2) reverse the judgments of the Eleventh Court of Appeals and the trial court, remand this case to the trial court to be dismissed in accordance with this Court's ruling, or in the alternative, remand this case for a new trial on the merits. Petitioner prays for such other and further relief to which he may be entitled both at law and equity.

Respectfully submitted,

**FIVECOAT & ROGERS PLLC**
214 W. Texas Ave., Ste. 811
Midland, TX 79701
(432) 620-8774
(432) 620-9945 [FAX]

By: **/s/ David G. Rogers**
DAVID G. ROGERS
State Bar No. 00788310
david@fivecoatlaw.com
ATTORNEY FOR PETITIONER

**8/26/2020**                                                         **COA No. 11-18-00198-CR**
**ALVARADO, FERNANDO GARCIA    Tr. Ct. No. CR50921        PD-0668-20**
I have this day received and filed the Appellant's Petition for Discretionary Review.
[The Court is not requiring copies of this document, at this time, pursuant to
suspension of Misc. Docket order 13-004; please see this Court's web site for any
further information.]

Deana Williamson, Clerk

> DAVID G. ROGERS
> 214 W. TEXAS AVE.
> SUITE 811
> MIDLAND, TX  79701
> * DELIVERED VIA E-MAIL *

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS   FILE COPY
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

**8/26/2020**                                                                    **COA No. 11-18-00198-CR**
**ALVARADO, FERNANDO GARCIA    Tr. Ct. No. CR50921**        **PD-0668-20**
I have this day received and filed the Appellant's Petition for Discretionary Review.
[The Court is not requiring copies of this document, at this time, pursuant to
suspension of Misc. Docket order 13-004; please see this Court's web site for any
further information.]

Deana Williamson, Clerk

DISTRICT ATTORNEY MIDLAND COUNTY
500 N. LORAINE ST.
MIDLAND, TX 79701
* DELIVERED VIA E-MAIL *

8/26/2020                                          COA No. 11-18-00198-CR
ALVARADO, FERNANDO GARCIA   Tr. Ct. No. CR50921        PD-0668-20
I have this day received and filed the Appellant's Petition for Discretionary Review.
[The Court is not requiring copies of this document, at this time, pursuant to
suspension of Misc. Docket order 13-004; please see this Court's web site for any
further information.]

                                          Deana Williamson, Clerk

            11TH COURT OF APPEALS  CLERK
            SHERRY WILLIAMSON
            P. O.  BOX 271
            EASTLAND, TX  76448
            * DELIVERED VIA E-MAIL *

**8/26/2020**                                                    **COA No. 11-18-00198-CR**
**ALVARADO, FERNANDO GARCIA    Tr. Ct. No. CR50921**        **PD-0668-20**
I have this day received and filed the Appellant's Petition for Discretionary Review.
[The Court is not requiring copies of this document, at this time, pursuant to
suspension of Misc. Docket order 13-004; please see this Court's web site for any
further information.]

Deana Williamson, Clerk

STATE PROSECUTING ATTORNEY
STACEY SOULE
P. O. BOX 13046
AUSTIN, TX  78711
* DELIVERED VIA E-MAIL *

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and forgoing document was served on August 26, 2020 electronically on the following:

Laura Nodolf/Eric Kalenak
500 N. Loraine, Suite 200
Midland, Texas 79701

**/s/ David G. Rogers**
David G. Rogers

# CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), I hereby certify that this brief contains **3,083** words (excluding the caption, table of contents, table of authorities, signature, proof of service, certificate of conference, and certificate of compliance). This is a computer-generated document created in Microsoft Word 2016, using 14-point typeface for all text. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

/s/ **David G. Rogers**
David G. Rogers



11TH COURT OF APPEALS
EASTLAND, TEXAS
JUDGMENT

Fernando Garcia Alvarado,

    * From the 238th District Court
      of Midland County,
      Trial Court No. CR50921.

Vs. No. 11-18-00198-CR

    * June 25, 2020

The State of Texas,

    * Memorandum Opinion by Stretcher, J.
      (Panel consists of: Bailey, C.J.,
      Stretcher, J., and Wright, S.C.J.,
      sitting by assignment)
      (Willson, J., not participating)

This court has inspected the record in this cause and concludes that there is error in the judgment below. Therefore, in accordance with this court's opinion, we modify the judgment of the trial court to delete the following language:

> and that the State of Texas Do have and recover of and from the said defendant all costs in this proceeding incurred for which let execution issue.

The deleted language is replaced with the following:

> and that the State of Texas Do have and recover of and from the said defendant all costs, except court-appointed attorney's fees, in this proceeding incurred for which let execution issue.

As modified, we affirm the judgment of the trial court.



In The

# Eleventh Court of Appeals

---

No. 11-18-00198-CR

---

## FERNANDO GARCIA ALVARADO, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 238th District Court**
**Midland County, Texas**
**Trial Court Cause No. CR50921**

---

## MEMORANDUM OPINION

The jury convicted Appellant, Fernando Garcia Alvarado, of tampering with physical evidence. *See* Tex. Penal Code Ann. § 37.09 (West 2016). The trial court then assessed Appellant's punishment at confinement for a term of four years and sentenced him accordingly. In three issues on appeal, Appellant argues (1) that there was insufficient evidence to support his conviction for tampering with physical evidence, (2) that it was error for the trial court to order reimbursement of his court-

appointed attorney's fees, and (3) that the trial court erred when it denied Appellant's request for a mistrial based on a potential juror's prejudicial comment. We modify and affirm.

*Background Facts*

On January 16, 2018, Sergeant William Taylor Welch of the Midland Police Department was on patrol in an area in which a thief had been operating. While on patrol that evening, Sergeant Welch observed Appellant and another individual standing near a pickup in an alley; they were talking to the occupants of the pickup. As the driver of the pickup drove away, Appellant and the other individual started walking. Sergeant Welch drove his patrol vehicle toward the two men.

As Sergeant Welch got closer, he turned on his headlights and activated his spotlight; the individual with Appellant proceeded to take off running. Appellant continued walking, however, as Sergeant Welch pursued the fleeing suspect on foot. During the ensuing chase, the suspect dropped a red and black backpack in the middle of the street. Sergeant Welch ultimately apprehended the suspect, but when they returned to his patrol vehicle, the backpack was no longer where it had been dropped.

After a brief search, officers found Appellant at his girlfriend's house. When questioned, Appellant informed officers that the backpack was outside, in front of the neighbor's house. Officers found the backpack where Appellant said it was, and Appellant eventually confessed to moving the backpack. Accordingly, Appellant was arrested and charged with tampering with physical evidence.

During the voir dire stage of Appellant's trial, the prosecutor asked whether any of the veniremembers would give Appellant more or less credibility simply because he was the defendant. In response, one potential juror said, "I would do his credibility lower because I do know him." Defense counsel argued that the comment

tainted the jury, and he requested a mistrial or, alternatively, a limiting instruction. The trial court denied the request for a mistrial, granted the request for a limiting instruction, and ordered the potential jurors to disregard the statement and not consider it for any purpose.

At the conclusion of the trial, the jury convicted Appellant of tampering with physical evidence. The trial court then sentenced Appellant to incarceration for a term of four years. This appeal followed.

## Evidentiary Sufficiency

In Appellant's first issue, he argues that the evidence presented at trial is insufficient to support his conviction for tampering with physical evidence. We review a sufficiency of the evidence issue under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.— Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). The trier of fact may believe all, some, or none of a witness's testimony because the factfinder is the sole judge of the weight and credibility of the witnesses. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986); *Isham v. State*, 258 S.W.3d 244, 248 (Tex. App.—Eastland 2008, pet. ref'd). We defer to the trier of fact's resolution of any conflicting inference raised by the evidence and presume that the trier of fact resolved such conflicts in favor of the verdict. *Jackson*, 443 U.S. at 326; *Brooks*, 323 S.W.3d at 899; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

Appellant contends that the evidence was insufficient to support his conviction for tampering with physical evidence. According to Section 37.09(a) of the Texas Penal Code, the offense of tampering with physical evidence contains the following elements: "(1) a person alters, destroys, or conceals; (2) any record, document, or thing; (3) with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding; (4) knowing that an investigation or official proceeding is pending or in progress." *State v. Zuniga*, 512 S.W.3d 902, 907 (Tex. Crim. App. 2017) (citing PENAL § 37.09(a)(1)). The offense thus requires both a knowing and an intentional mental state: "[A]n actor must know his action would impair the item as evidence and he must act with the intent to impair its availability as evidence." *Zuniga*, 512 S.W.3d at 907 (citing *Stewart v. State*, 240 S.W.3d 872, 873–74 (Tex. Crim. App. 2007)).

A person acts knowingly "with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist." PENAL § 6.03(b) (West 2011). By contrast, a person acts intentionally "with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result." *Id.* § 6.03(a).

In this case, Appellant admitted to picking up the red and black backpack and placing it in the neighbor's front yard in satisfaction of elements one and two. Looking to the third element, Appellant did not merely pick the backpack up and take it with him. Instead, Appellant hid the backpack in a location away from his own and away from where the other individual had dropped it. Reviewing the evidence in the light most favorable to the verdict, a juror could have concluded that Appellant intended to impair the availability of the backpack as evidence by hiding it in the neighbor's yard. *See Jackson*, 443 U.S. at 319.

4

Moving to the final element, Sergeant Welch was in a marked patrol vehicle when he initially engaged Appellant and the other individual. Sergeant Welch was also wearing his police uniform and announced himself as police when yelling for the fleeing suspect to stop. Sergeant Welch further testified that there was "no doubt" that Appellant knew Sergeant Welch was a police officer. This evidence allowed a rational jury to conclude, in satisfaction of element four, that Appellant knew that an investigation was in progress. *See Zuniga*, 512 S.W.3d at 907.

We believe that a rational trier of fact could have found all the elements of tampering with physical evidence beyond a reasonable doubt. Accordingly, we hold that the evidence is sufficient to support Appellant's conviction and overrule Appellant's first issue.

### Attorney's Fees

In his second issue, Appellant argues that it was error for the trial court to require him to pay a $2,250 fee for his court-appointed attorney. The State agrees with Appellant in regard to his second issue. Though the judgment of the trial court does not explicitly require that Appellant pay for his court-appointed attorney, the judgment does require that Appellant pay "all costs in this proceeding." The Bill of Cost then delineates a $2,250 fee for "COURT APPOINTED ATTORNEY."

Under Article 26.05(g) of the Texas Code of Criminal Procedure, the trial court has authority to order reimbursement of the appointed attorney's fees "[i]f the judge determines that a defendant has financial resources that enable the defendant to offset in part or in whole the costs of the legal services provided to the defendant." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2019). The record before us, however, does not contain any such determination or finding by the trial court that Appellant has any financial resources or is able to pay the appointed attorney's fees. As a result, "there was no factual basis in the record to support a determination

that Appellant could pay the fees." *Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013). Accordingly, we sustain Appellant's second issue and modify the judgment to delete the following language:

> and that the State of Texas Do have and recover of and from the said defendant all costs in this proceeding incurred for which let execution issue.

The deleted language is replaced with the following:

> and that the State of Texas Do have and recover of and from the said defendant all costs, except court-appointed attorney's fees, in this proceeding incurred for which let execution issue.

### Prejudicial Statement by Potential Juror

In Appellant's third issue, he argues that the trial court erred when it denied Appellant's request for a mistrial based on a potential juror's prejudicial comment. We review the denial of a motion for mistrial under an abuse of discretion standard. *See Simpson v. State*, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003).

> A mistrial is the trial court's remedy for improper conduct that is "so prejudicial that expenditure of further time and expense would be wasteful and futile." In effect, the trial court conducts an appellate function: determining whether improper conduct is so harmful that the case must be redone. Of course, the harm analysis is conducted in light of the trial court's curative instruction. Only in extreme circumstances, where the prejudice is incurable, will a mistrial be required.

*Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004) (footnote omitted).

To show harm based on the trial court's denial of a motion for mistrial, the defendant must show the following: (1) other veniremembers heard the remarks, (2) the veniremembers who heard the remarks were influenced by them to the prejudice of the defendant, and (3) the juror in question or another juror with a similar opinion was forced upon the defendant. *Callins v. State*, 780 S.W.2d 176, 188 (Tex. Crim. App. 1986) (citing *Johnson v. State*, 205 S.W.2d 773, 774–75 (Tex.

Crim. App. 1947)). Absent these three elements, no error will be found. *Id.* Notably, in most cases, an instruction by the trial court to disregard the comment will cure the prejudicial effect. *Wesbrook v. State*, 29 S.W.3d 103, 115–16 (Tex. Crim. App. 2000).

During voir dire of this case, a potential juror stated in open court that he "would do [Appellant's] credibility lower" because he knew Appellant. The trial court denied Appellant's request for a mistrial and, instead, issued an instruction to the other potential jurors, ordering them to disregard the comment and not consider it for any purpose. The trial court subsequently granted Appellant's challenge for cause with respect to the potential juror that made the objectionable comment.

The comment made by the potential juror during voir dire appears to have been heard by the entire panel; the comment was made in open court, and nothing in the record indicates that the comment was not sufficiently loud for the entire panel to hear. *See McGee v. State*, 923 S.W.2d 605, 607–08 (Tex. App.—Houston [1st Dist.] 1995, no pet.) (inferring from the record that other members of the venire heard the remark). There is, however, also nothing in the record that indicates that any other members of the panel were influenced by the remark. *See Callins*, 780 S.W.2d at 188. Indeed, Appellant's entire argument on this point is a single sentence: "It can be inferred that the potential jurors were influenced as they convicted upon arguable weak evidence." We cannot agree with Appellant's proposed inference.

Similarly, there is nothing in the record that indicates the potential juror or another juror with a similar opinion was forced upon Appellant. *See Callins*, 780 S.W.2d at 188. Appellant's argument on this point is equally brief: "The remaining panel was forced upon the Appellant by the court's denial of the mistrial." Again, we cannot simply infer, based on the evidence before us, that other members of the

panel were influenced by the remark. Even if we could, we could not then additionally infer that influenced members of the panel were selected to be on the jury. Appellant has failed to demonstrate that he was harmed by the statement. Accordingly, we overrule Appellant's third issue.

## *This Court's Ruling*

As set forth above, we modify the judgment of the trial court with respect to the costs for Appellant's court-appointed attorney; as modified, we affirm.


KEITH STRETCHER
JUSTICE


June 25, 2020

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.

RECEIVED

DEC 0 7 2020

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

United States District
Western District of T
200 East Wall Room 22
Midland Texas 79701-5

